# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS D. HENDON, ) | NO. 1:09-cv—911-MJS-PC |
| ) | |
| Plaintiff, ) | ORDER TO SHOW CAUSE WHY PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED |
| v. ) | |
| BAROYA, et al., ) | RESPONSE DUE IN THIRTY DAYS |
| ) | |
| Defendants. ) | (Doc. 1) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at California State Prison Sacramento. Plaintiff identifies the following defendants: "Baroya, Fam, Griffin, Hamilton, Calderon, and Reidman are employed by or under contract with CCI as prison physicians." (Compl. ¶ IIB.)[1] Plaintiff's statement of claim, in its entirety, reads:

> From June 5, 2002 to March 27, 2003, plaintiff was almost always removed from suicide watch and placed in regular cell by defendant Baroya, despite plaintiff being suicidal. Plaintiff was

---

[1] Plaintiff does not specify where defendants are employed. The Court presumes that CCI refers to California Correctional Institution at Tehachapi.

> often placed in cells not equipped for suicidal inmates that had surfaces with which he could harm himself and contained items such as clothing, sheets, towels, and other things that could be used to tie and suspend items. Defendants Fam, Griffin, Hamilton, Reidman, including Warden Calderon knew that plaintiff had a history of suicidality; they knew of the repeated decisions to remove plaintiff from suicide watch; and they took no steps either to object to the decision to remove plaintiff from suicide watch, or to move plaintiff back to suicide watch.

(Compl. ¶ III.)

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g). Plaintiff has, on three occasions, suffered dismissals for failure to state a claim on which relief could be granted: Hendon v. Witcher, 1:05-cv-01246-AWI-DLB-PC (E. D. Cal., dismissed on August 6, 2007); Hendon v. Rogel, 2:05-cv-01063-DFL-PAN-PC (E. D. Cal., dismissed on August 28, 2006); Hendon v. White, 2:07-cv-01825-GEB-CMK-PC (E. D. Cal., dismissed on February 5, 2008). Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious injury.

Plaintiff's allegation is that during an approximate nine month period of time in 2002 and 2003, defendants failed to object to the removal of plaintiff from suicide watch.

In Andrews v. Cervantes, 493 F.3d 1047 (9th Cir. 2007), the Ninth Circuit adopted the view that "requiring a prisoner to 'allege [ ] an ongoing danger' - the standard adopted by the Eighth Circuit - is the most sensible way to interpret the imminency requirement." Id. at 1056, citing Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 2003). Andrews held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is on-going. Therefore, plaintiff may satisfy the imminent danger exception to the three strikes rule by alleging facts indicating an ongoing

2

danger.

In his most recent previous case, Hendon v White, case number 2:07-cv-01825, plaintiff made quite similar allegations as he does in this case, although with reference to a later date. He alleged:

> On March 20, 2006, I was abruptly removed from the suicide watch by defendant Davidson, the prison psychologist, despite his knowledge that I was still suicidal, and that same day I was denied readmittance to the suicide watch by defendant White, the prison psychiatrist, despite my protestations that I was suicidal and confined in a regular cell that was not equipped for a known suicidal inmate.
>
> As a result, I later cut my wrist in which I had to be readmitted to the suicide watch that same day.
>
> The unequip cell had surfaces with which I could harm myself, and contained items such as clothing, sheets, towels, and other things that could be used to tie and suspend items.
>
> Both defendants know of my history of suicidality, including my prior suicide attempts and know that there was a substantial risk that I would attempt suicide. Despite this knowledge, defendants failed to intervene and provide appropriate mental health intervention to protect me from harming myself, and, for all practical purposes, simply abandoned me as a patient.
>
> Prison rules required that I remained on suicide watch until I uttered the "magic words" that I was not suicidal, and be admitted after such otherwise utterance.
>
> Simply subjecting me to remain in a cell not designed for suicidal inmates while suicidal inherently posed a likelihood of self-injurious behavior as illustrated before the inevitably suicide itself.

( Id., Compl. ¶¶ 9-14.)

Prison grievance decisions attached to plaintiff's complaint in the White case revealed additional facts: Plaintiff was taken off suicide watch as a result of a series of daily assessments. He was evaluated on a number of factors determined to constitute suicidality. The defendant in that case, Dr. Kelly, acted according to plaintiff's signs and symptoms and using his best judgment. (Id . F&R of January 4, 2008). After analyzing plaintiff's allegation under relevant case law, the court ruled:

> In this case, the court notes the consistent description of plaintiff's claim, as revealed by documents attached to the complaint and which are considered part of the complaint. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). Specifically, it is clear that plaintiff was examined by mental health professionals and that plaintiff's claim is based on his assertion that defendants made mistakes and were otherwise professionally negligent when it was decided that plaintiff no longer required suicide precautions. Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

(Id.)

Since plaintiff failed to state a claim under similar allegations in 2006, it follows that he fails to allege facts indicating he was in imminent danger of serious injury when the complaint was filed in this case in May of 2009. Though Andrews holds that a prisoner can satisfy the exception by alleging facts indicating an ongoing danger, it limited the ongoing danger to the time of the filing of the complaint: "In other words, the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews, 493 F.3d at 1053. Plaintiff may not, therefore, satisfy the exception by filing a complaint in 2009 regarding a failure to keep plaintiff on suicide watch in 2002 and 2003 particularly when plaintiff could not state a claim on similar allegations in 2007.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause, within thirty days of the date of service of this order, why his application to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g) and why plaintiff should not be directed to submit the $350 filing fee, in full, or suffer dismissal pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   June 8, 2010                   /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE