# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS D. HENDON,<br><br>            Plaintiff,<br><br>    v.<br><br>BAROYA, et al.,<br><br>            Defendants.<br>_____ / | CASE NO.   1:09-cv-911-MJS (PC)<br><br>ORDER DENYING PLAINTIFF IN FORMA PAUPERIS STATUS AND REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL<br><br>PLAINTIFF MUST PAY $350 FILING FEE BY AUGUST 31, 2010 |

Plaintiff Carlos D. Hendon ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to having a magistrate judge preside over his case. (ECF No. 11.)

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation, brings this action pursuant to 42 U.S.C. § 1983 against correctional officials for removing him from suicide watch when he was still a danger to himself. (ECF No. 1 at 3.) The events alleged in the Complaint occurred in 2003; there is no allegation of ongoing harm.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).

On at least three prior occasions, Plaintiff has brought civil actions challenging the conditions of his confinement that were dismissed as frivolous or for failure to state a claim upon which relief can be granted. <u>Hendon v. Witcher</u>, 1:05-cv-1246-AWI-DLB (PC) (E.D. Cal., dismissed on August 6, 2007); <u>Hendon v. Rogel</u>, 2:05-cv-1063-DFL-PAN (PC) (E.D. Cal., dismissed on August 28, 2006); <u>Hendon v. White</u>, 2:07-cv-1825-GEB-CMK (PC) (E.D. Cal., dismissed on February 5, 2008). Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious physical injury. There are no such facts alleged in this case.

On June 9, 2010, the Court ordered Plaintiff to show cause within thirty days why his request to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g). Plaintiff has not responded to the Court's order.

Accordingly, the Court hereby ORDERS that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff shall not be entitled to proceed in forma pauperis;

2. Plaintiff is directed to submit the $350 filing in full within thirty days of the date of service of this order. Plaintiff's failure to do so will result in dismissal of this action pursuant to Local Rule 11-110 for failure to prosecute.

IT IS SO ORDERED.

Dated:   July 28, 2010             /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE